Filed 4/19/23  P. v. Shires CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C097077 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR76833) |
| v. | |
| DYLAN FRANKLIN SHIRES, | |
| Defendant and Appellant. | |

In 2011, defendant Dylan Franklin Shires pleaded guilty to second degree murder, admitted a gang enhancement, and admitted a firearm enhancement pursuant to Penal Code section 12022.53, subdivisions (d) and (e)(1).[1]  In February 2019, defendant petitioned for resentencing under section 1170.95.[2]  The trial court ultimately denied

---

[1]     Undesignated section references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the

1

defendant's petition in September 2022, finding him ineligible for relief because he was the actual killer based on his admission that he had used a firearm and killed the victim. In the alternative, the court found that defendant was a major participant in the crime and acted with reckless disregard for human life.

On appeal, defendant challenges the trial court's order, arguing (1) his admission of the firearm enhancement did not preclude relief as a matter of law; and (2) the trial court engaged in improper factfinding in concluding he was a major participant in the crime and acted with reckless disregard for life. The People concede the error, and we will reverse and remand the matter.

FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of the issues presented in this appeal, a detailed recitation of the facts underlying defendant's convictions is unnecessary. It suffices to say that defendant and three other masked men entered the victim's home to steal marijuana. A struggle ensued and the victim was killed by a single gunshot wound to the head. Defendant pleaded guilty to second degree murder (§ 187, subd. (a)), admitted a gang enhancement (§ 186.22, subd. (b)(1)(C)), and admitted that he, "as a principal[,] personally and intentionally discharged a firearm . . . , which proximately caused great bodily injury and death to [the victim]" within the meaning of section 12022.53, subdivisions (d) and (e)(1)).**3** The trial court sentenced defendant to state prison for an indeterminate term of

---

statute. Defendant filed his petition under former section 1170.95, but we will cite to the current section number throughout this opinion.

**3**      Under subdivision (e)(1) of section 12022.53, the enhancements prescribed in subdivisions (b) through (d) of that section are applicable to any person who is a principal in the commission of the offense if both of the following requirements are pled and proved: (1) the person violated section 186.22, subdivision (b); and (2) any principal in the offense committed any act specified in subdivision (b), (c), or (d) of section 12022.53. Thus, a firearm enhancement under section 12022.53, subdivision (e)(1) is dependent on the validity of a gang finding under section 186.22.

40 years to life, and we affirmed the judgment on appeal. (*People v. Shires* (Apr. 23, 2012, C068007) [nonpub. opn.].)

In February 2019, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). He argued that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under a natural and probable consequences theory; that he pleaded guilty to murder; and that he could not now be convicted of murder based on the recent changes to sections 188 and 189.

In 2021, the trial court agreed with the People that Senate Bill 1437 was unconstitutional and denied defendant's petition. We disagreed on appeal, and the matter was reversed and remanded. (*People v. Shires* (July 19, 2021, C089979) [nonpub. opn.].)

On remand, the People opposed defendant's motion, arguing he was ineligible for relief because he was a major participant in the murder who acted with reckless indifference to human life, because he was the primary aggressor who helped organize and plan the home invasion robbery, was armed with a shotgun, armed one of his codefendants with brass knuckles, and beat the victim with the shotgun during the struggle that resulted in the victim getting shot.

Defendant responded that the record of conviction did not establish that he was ineligible for relief. Defendant further noted the prosecution's theory in the underlying case was based upon a theory of felony murder with aiding and abetting as an alternative theory of guilt, and there was evidence suggesting a codefendant was the actual killer. Defendant further argued the evidence was conflicting as to whether he was a major participant who acted with reckless indifference to human life.

During the September 2022 hearing, the trial court denied defendant's petition, reasoning that defendant was ineligible for relief because he had admitted that he used a shotgun which killed the victim, making him the actual killer. The trial court further held that there was "no question" that defendant was an active participant in the crime and

3

acted with reckless indifference to human life. The trial court noted defendant was armed with the intent to commit an armed robbery and burglary, had armed a codefendant, and was aware another codefendant had a pistol. Defendant also actively participated in the attack on the victim that resulted in the shooting. In addition, the trial court noted that home invasion robberies have a high probability of death, especially since many homeowners are armed for self-protection.

DISCUSSION

A.    *Legal background*

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

4

Senate Bill 1437 also added section 1172.6, which allows those convicted of attempted murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

B       *Analysis*

We agree with the parties that the trial court erred in denying defendant's petition. It was incorrect for the trial court to conclude that defendant's admission to the gun enhancement necessarily meant he was the actual killer. Instead, defendant merely admitted that he, "as a principal[,] personally and intentionally discharged a firearm . . . , which proximately caused great bodily injury and death to [the victim]" pursuant to section 12022.53, subdivisions (d) and (e)(1)). This language shows that defendant admitted to personally discharging a firearm that proximately caused death as a coprincipal, and not as the actual killer. (*People v. Offley* (2020) 48 Cal.App.5th 588, 592 [a true finding under section 12022.53, subdivision (e)(1) shows only that a principal to the crime fired a weapon and caused the victim's death, and does not necessarily establish that a defendant was the actual killer].)

We also agree with the parties that the trial court engaged in improper factfinding when it held defendant was ineligible for relief as a matter of law because he was a major

participant who acted with reckless indifference to human life. In reaching this finding, the trial court considered the facts that defendant was armed during the robbery, knew his codefendants were armed, and engaged in a dangerous home invasion. Such weighing of the facts is prohibited when the trial court is making its prima facie determination under section 1172.6, subdivision (c). (*People v. Lewis, supra*, 11 Cal.5th at p. 972 [the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' "].) (*Id*. at p. 972.) Given that nothing in the record of conviction establishes as a matter of law that defendant is ineligible for relief, we must reverse the order and remand the matter for further proceedings.

## DISPOSITION

The trial court's order denying defendant's petition is reversed. The matter is remanded with directions to issue an order to show cause and conduct further proceedings consistent with section 1172.6.


       KRAUSE       , J.



We concur:



      ROBIE       , Acting P. J.



      RENNER      , J.

6